IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES W. BRAMLETT II, § | | |
|     Plaintiff, § | | |
| § | | |
| VS. § | | CIVIL NO. 4:23-CV-203-P |
| § | | |
| TARRANT COUNTY, TEXAS, et al., § | | |
|     Defendants. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court is Defendant Tarrant County's Motion to Dismiss [doc. 24] and Defendants Doug Kelly ("Kelly") and Catherine Young-Junior ("Young-Junior") (collectively the "Individual Defendants")' Motion to Dismiss [doc. 25]. For the reasons stated herein, the Court **RECOMMENDS** that the Individual Defendants' Motion [doc. 25] be **GRANTED** and that the claims against them be **DISMISSED WITH PREJUDICE**. Furthermore, the Court **RECOMMENDS** that Tarrant County's Motion [doc. 24] be **GRANTED IN PART** with respect to the retaliation claim and **DENIED IN PART** with respect to the harassment claim.

### I.    BACKGROUND

Plaintiff Charles W. Bramlett II ("Bramlett") filed this suit against Tarrant County and the Individual Defendants [doc. 1], on February 27, 2023. On August 26, 2023, Bramlett filed his amended complaint, which is the live pleading in this case. In his amended complaint, Bramlett brings claims against the Defendants under 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Texas Labor Code §§ 21.001, *et seq.* (the "Texas Labor Code"). (First Amended Complaint

1

("Complaint") at 1). Bramlett alleges that Kelly, Curtis Knowles ("Knowles"),[1] and Young-Junior were at all relevant times his "supervisors, managerial employees and, therefore, agents" of Tarrant County and amenable to suit individually and as "employers" under 42 U.S.C. § 2000e(b). (*Id.* at 2). Further, Bramlett states that any actions Kelly, Knowles, or Young-Junior allegedly performed were done "with the full authorization or ratification of Tarrant County, or [were] done in the normal and routine course and scope of employment of Tarrant County's respective supervisors, agents, servants, employees, or representatives." (*Id.* at 2–3). In his amended complaint, Bramlett alleges four "claims": (1) hostile work environment caused by racial discrimination; (2) race-based retaliation; (3) "Claim for Attorney's Fees" under Title VII; and (4) "Claim for Emotional and Mental Distress" under Title VII. (*Id.* at 8–9). After reviewing Bramlett's claims and the relief requested, it is evident to the Court that Bramlett's claim for attorney's fees and claim for emotional and mental distress are not distinct causes of action, but, rather, are damages sought in addition to his compensatory damages. (*See, e.g.*, Complaint at 1 (providing that the lawsuit is brough for claims under Title VII and the Texas Labor Code); *see also*, Plaintiff's Response (Pl.'s Resp.") (only asserting causes of action for retaliation and hostile work environment)).

In support of his claims, Bramlett, a white male, alleges that Kelly selected him, because of his race, to work on Kelly's crew, and that Kelly told Bramlett to not associate with black employees. (*Id.* at 3). Bramlett became a permanent employee of Tarrant County in December 2013, and Kelly became his supervisor in January 2014. (*Id.* at 3). Bramlett alleges that Kelly told him to spy on his black coworkers and write them up for "bogus policy violations" so that

---

[1] Bramlett names Curtis Knowles as a defendant in this suit. However, as of the date of this FCR, Bramlett has failed to serve Knowles. Because the time for service of process has well passed, Knowles should be dismissed from this lawsuit. Fed. R. Civ. P. 4(m). Additionally, and in the alternative, the claims against Knowles should also be dismissed for the same reasons, stated herein, that the claims against the Individual Defendants should be dismissed.

they would be fired because "Tarrant County wanted only White/Caucasian workers." (*Id.* at 4). Bramlett alleges that this effectively became an essential part of his job as an employee of Tarrant County. (*Id.* at 7).

Bramlett also alleges that Kelly harassed him in numerous ways throughout his employment, by visiting him at work two to three times a week, calling him every night, and questioning him about his black coworkers. (*Id.* at 5). Bramlett states that Kelly threatened him with reassignment to lower positions unless Bramlett aided Kelly and that Bramlett was, in fact, reassigned numerous times. (*Id.*) He also alleges that Kelly told him to plant a camera in a coworker's car to spy on him, and that Kelly alluded to a pistol he always had with him. (*Id.* at 6). Further, Bramlett alleges that: (1) Kelly threatened to call immigration on Bramlett's babysitter; (2) Kelly disrupted his relationship with his neighbor; (3) Kelly asked Bramlett's wife to put laxatives in food for a black coworker to make him sick; (4) Kelly had the parks crew cut down the trees on Bramlett's property; (5) Kelly called Bramlett's brother-in-law a racial epithet in front of Bramlett's daughter; and (6) Kelly threated Bramlett to get him to tile Kelly's bathroom. (*Id.* at 5–6). Bramlett also asserts that Knowles told Bramlett that they had to get rid of four black employees and that Knowles intention was to harass Bramlett. (*Id.* at 6).

Kelly allegedly told Bramlett to spy on an employee, and Bramlett claims that he told the employee about the scheme. (*Id.*) Knowles allegedly found out and threatened legal action against Bramlett for harassing the employee. (*Id.*) The next week, on September 22, 2020,[2] Bramlett filed a complaint with Tarrant County Human Resources (hereinafter "HR complaint"). (*Id.* at 7). In

---

[2] Bramlett's complaint to Human Recourses ("HR") is dated Sunday, September 20, 2020. (Complaint at Exhibit B). In his amended complaint, Bramlett states that he filed his HR complaint on a Tuesday which, as Defendants point out, would most likely be September 22, 2020. (Complaint at 7).

3

his HR complaint [doc. 21-2], Bramlett stated that he believed his advancement in his job with Tarrant County was based on the racially motivated actions of Kelly and Knowles. (*Id.* at Exhibit B). Bramlett claimed that he was worried about retaliation for not "following orders that would result in discrimination" and that he believed Kelly and Knowles assumed he was racist because he is white. (*Id.*) Bramlett stated that Kelly began to treat him differently after Bramlett agreed to spy on his black coworkers. (*Id.*) Bramlett ended his HR complaint by stating that he "wanted to report and express [his] dire concern regarding the horrible racist treatment of [his] coworkers," and made a "jury demand" for $500,000. (*Id.*) Bramlett claims that after his compliant, Kelly's behavior continued and worsened until Bramlett was "constructively discharged" on October 12, 2020, when he resigned from his position with Tarrant County. (*Id.* at 7).

## II.    LEGAL STANDARD

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Twombly*, 550 U.S. at 545. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*,

550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Tex. Health and Hum. Servs. Comm. v. U.S.*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations are internal quotation marks omitted).

### III.   THE INDIVIDUAL DEFENDANTS' MOTION

In their Motion, the Individual Defendants argue that Bramlett cannot sue them in their individual capacities for violations of Title VII and the Texas Labor Code. (Individual Defendants' Motion to Dismiss ("Individual Defs.' Mot.") at 2–5). Further, the Individual Defendants' assert that, if the claims against them are in their official capacities, then the claims should be dismissed as duplicative because Bramlett cannot sue both the Individual Defendants and Tarrant County. (Individual Defs.' Mot at 5–6). In his response, Bramlett wholly failed to respond to these arguments. (*See generally* Plaintiff's Response ("Pl.'s Resp.")).

5

To prevail on a Texas Labor Code or Title VII claim[3] against the Individual Defendants, in their individual capacities, Bramlett must establish that the Individual Defendants were his "employer." *See, e.g., Cornett v. United Airlines, Inc.*, No. A-18-CV-698 LY, 2019 WL 453365, at *2 (W.D. Tex. Feb. 5, 2019) (citing *Miles v. Lee Anderson Co.*, 339 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2011). However, it is well settled that "[s]upervisors and managers are not considered 'employers' under the Texas Labor Code and, therefore, are not individually liable for [race] discrimination." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) (citing *Benavides v. Moore*, 848 S.W.2d 190, 198 (Tex. App. 1992, writ denied)); *see also Erving v. Dallas Hous. Auth.*, 2018 WL 4409797, at *5 (N.D. Tex. Sept. 17, 2018) ("[B]ecause Chapter 21 of the Texas Labor Code was modeled to execute the policies of Title VII, supervisory personnel are not liable in their individual capacity for violations of Chapter 21."); *Parga v. Kuehne + Nagel Inc.*, 2008 WL 11333926, at *4 (W.D. Tex. Nov. 12, 2008) ("As Larios was Plaintiff's supervisor rather than 'employer,' Plaintiff's discrimination claim against Larios fails as a matter of law."); *Washburn v. Texas*, 2008 WL 170033, at *4 (W.D. Tex. Jan. 16, 2008) (dismissing discrimination claims against supervisors because "the Labor Code does not provide for liability for individual supervisors."); *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App. 2000, pet. denied) ("[S]upervisors and managers are not liable in their individual capacities for alleged acts of discrimination under the TCHRA.").

Furthermore, a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity. *See, e.g., Smith v. Amedisys Inc.*, 298 F.3d 434,

---

[3] Courts analyze Title VII and parallel claims under the Texas Labor Code identically. "Because [the Texas Labor Code] is intended to correlate with Title VII, the same analysis is applied for each claim." *Allen v. Radio One of Tex. II, L.L.C.*, 515 F. App'x. 295, 297 (5th Cir. 2013), cert. denied, 571 U.S. 880 (2013).

448–49 (5th Cir. 2002). It is well settled that supervisors are "agents" of their employers. *Id.* Therefore, a plaintiff cannot maintain a suit against both his supervisors and his employer. *Id.*

As discussed above, Bramlett brings this lawsuit under Title VII and the Texas Labor Code. (Complaint at 1). Because Bramlett cannot bring claims against the Individual Defendants in their individual capacities under these statutes, the Court finds that the claims against them should be dismissed. Moreover, to the extent Bramlett's claims are against the Individual Defendants in their official capacities, the claims are duplicative and should be dismissed. Accordingly, the Court recommends that the Individual Defendants' Motion to Dismiss [doc. 25] should be **GRANTED** and the claims against the Individual Defendants should be **DISMISSED WITH PREJUDICE**.

## IV.  TARRANT COUNTY'S MOTION

In its Motion to Dismiss, Tarrant County asserts five arguments for why Bramlett's claims against it should be dismissed. (Tarrant County's Motion to Dismiss ("Tarrant's Mot.") at 5). Specifically, Tarrant County argues that: (1) Bramlett lacks standing to sue on behalf of his coworkers; (2) Bramlett failed to state a hostile work environment claim; (3) Bramlett failed to state a claim for retaliation; (4) Bramlett cannot state a retaliatory hostile work environment claim under Fifth Circuit precedent; and (5) the Court should decline to exercise supplemental jurisdiction over Bramlett's state law claims. (*Id.*)[4]

In response, Bramlett states that he is not suing on behalf of his coworkers and that he has sufficiently alleged his race-based hostile work environment claim. (Plaintiff's Response ("Pl.'s Resp.") at 1–5). Further, Bramlett asserts, for the first time, that his "case is couched in the classic

---

[4] The Court does not find that Bramlett is alleging a retaliatory hostile work environment claim and, thus, needs not address Tarrant County's arguments on that issue. Similarly, the Court does not recommend the dismissal of only the federal claims and, thus, finds that the arguments regarding supplemental jurisdiction are moot.

*quid pro quo* paradigm associated most generally with Title VII sexual harassment allegations and are more that sufficient to establish the requisite . . . *Twombly* foundation to permit this Court to overrule Defendants' dismissal motions." (*Id.* at 5). The Court will address each of Tarrant County's arguments in turn.

### A. Bramlett Lacks Standing to Sue on Behalf of His Coworkers

Tarrant County argues that Bramlett lacks standing to sue on behalf of his coworkers. (Tarrant's Mot. at 5–8). In his response, Bramlett agrees that he has no standing to assert his coworkers' rights but argues that his claims are not on their behalf. (Pl.'s Resp. at 2). The Court similarly agrees that Bramlett lacks standing to sue on behalf of his coworkers. Thus, while the Court takes Bramlett at his word, to the extent the claims could be construed as being on behalf of Bramlett's coworkers, they should be dismissed. Accordingly, because Bramlett does not have standing to sue on behalf of his coworkers, and he purports not to be suing on their behalf, the Court will analyze whether Bramlett has stated his claims on his behalf such that they overcome Tarrant County's Motion to Dismiss.

### B. Race-Based Hostile Work Environment Claim

To establish a claim of a hostile work environment under Title VII, a plaintiff must prove:

> (1) []he belongs to a protected group; (2) []he was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). However, when a claim for a hostile work environment is based on actions taken by a supervisor, the plaintiff does not need to satisfy the fifth element. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353-54 (5th Cir. 2001) (abrogated on other grounds) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)).

When determining that a hostile work environment claim exists, "we look to 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Tarrant County argues that Bramlett has failed to sufficiently plead two of the four required elements. (Tarrant's Mot. at 10–11). Specifically, Tarrant County asserts that Bramlett has failed to sufficiently plead that the alleged harassment was based on his race and that the harassment affected a term, condition, or privilege of his employment. (*Id.*) While Bramlett alleges many facts that are not relevant to whether a term, condition, or privilege was affected by the alleged harassment, it is clear to the Court that he has plead sufficient facts to satisfy that element. (*See* Complaint at 5 (providing that Kelly regularly called and visited him at work to find out what information he had gained about his coworkers and Kelly would change his work duties when he was not willing to cooperate); 6 (stating that Kelly and Knowles threatened to fire him, reminded him Kelly carries a gun, and threated to call the District Attorney if he did not continue to spy); and 7 (providing that Bramlett's job was unilaterally changed by Kelly from a road worker to a spy)). Thus, the question before the Court is whether Bramlett sufficiently plead that the harassment was based on his race.

Here, Bramlett's claims rest on his assertion that he was "[s]ingled out because he is whi[t]e" to be a part of "Defendants' schem[e] to eradicate minorities from the workplace." (Pl.'s Resp. at 1). While Bramlett pleads many instances of harassment that are unrelated to his race, both the benefits he received for participating and the harassment he personally endured for declining to participate were based on his inclusion in the alleged scheme. Bramlett has

sufficiently plead that he was chosen to be a part of the scheme because of his race. Therefore, while tenuous, the Court finds that Bramlett has sufficiently plead, for the purposes of this motion, that the harassment he suffered for declining to cooperate was because of his race. Accordingly, the Court recommends that Tarrant County's Motion as to the harassment claim be **DENIED**.

C. **Race-Based Retaliation Claim**

Further, as discussed above, Tarrant County argues that Bramlett's retaliation claim should be dismissed because he has failed to allege sufficient facts to show the required elements. (Tarrant's Mot. at 12–17). In his response, Bramlett's states that, after he filed his HR complaint, "Defendants threatened law enforcement intervention and increased hostility, forcing Plaintiff's resignation." (Pl.'s Resp. at 5).

Title VII makes it unlawful for an employer to discriminate against an individual based on race or retaliate against him for engaging in protected activity. *See* 42 U.S.C. § 2000e–2; *Thornton v. Dallas Indep. Sch. Dist.*, No. 13–cv–3012–P, 2014 WL 46398, at *3 (N.D. Tex. Jan. 6, 2014). Claims under Title VII are analyzed through the framework set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). To establish a prima-facie claim of retaliation, a plaintiff must demonstrate that: (1) he engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *See id.* at 557.

In this case, assuming without deciding that Bramlett can satisfy the other required elements, Bramlett has failed to sufficiently plead an adverse employment action through constructive discharge. For Bramlett to sufficiently plead constructive discharge, for the purpose of his retaliation claim, he must plead that, in response to his HR complaint, Tarrant County made

10

"working conditions [] so intolerable that a reasonable employee would feel compelled to resign." *See, e.g., Faruki v. Parsons, S.I.P, Inc.*, 123 F.3d 315, 319 (5th Cir. 1997).

First, a review of the amended complaint shows that Bramlett pleads that the threat of law enforcement intervention occurred ***prior*** to his HR complaint. (Complaint at 6–7). Next, Bramlett, despite the opportunity to amend his complaint and respond to the motions, has not alleged any specific allegations of harassment, that occurred after his HR complaint, other than his statements that "Defendants' actions became more severe and frequent" and "Defendants did nothing but turn up the heat on the stove." (Complaint at 7; Pl.'s Resp. at 1). Furthermore, while Bramlett now alleges that he was constructively discharged twenty days (twelve business days) after he filed his HR complaint, he stated in his HR complaint that he had already been constructively discharged. (*Id.* at 7, Exhibit B). Moreover, Bramlett does not allege that he followed up with HR, had any conversations with them, made himself available for interviews, or gave the process a chance to play out. Rather, Bramlett simply alleges that "Tarrant County did nothing in response to his [HR] complaint." (*Id.*)

Under Fifth Circuit precedent, because Bramlett complained on September 22, 2020, that he had been constructively discharged, he cannot now assert that he was constructively discharged twenty days later. *See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) ("If such an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls."); *see also Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013) (refusing to accept as true factual allegations that were contradicted by the plaintiff's EEOC charging documents, which the defendant had attached to its motion to dismiss). Furthermore, even if Bramlett had not alleged that he was constructively discharged on September 22, 2020, he has not pled a valid constructive discharge because he did not allege that

11

he gave the employer a reasonable opportunity to investigate or address the issues raised in his HR complaint. *See, e.g., Williams v. Barnhill's Buffet Inc.*, 290 F. App'x 759, 762 (5th Cir. 2008) ("An employee who resigns without affording the employer a reasonable opportunity to address h[is] concerns has not been constructively discharged."). Moreover, Bramlett's conclusory statements that, after his HR complaint, Defendants conduct got worse are insufficient to plead retaliatory actions by Defendants. Therefore, Bramlett has failed to allege sufficient facts to satisfy the required elements of his retaliation claim. Accordingly, the Court recommends that Tarrant County's Motion as to the retaliation claim be **GRANTED** and that the retaliation claim be **DISMISSED WITH PREJUDICE.**

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that the Individual Defendants' Motion [doc. 25] be **GRANTED** and that the claims against them be **DISMISSED WITH PREJUDICE.** Furthermore, the Court **RECOMMENDS** that Tarrant County's Motion [doc. 24] be **GRANTED IN PART** with respect to the retaliation claim and **DENIED IN PART** with respect to the harassment claim.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 11, 2023,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED November 27, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE