UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLES W. BRAMLETT, II,

   Plaintiff,

v.                                         No. 4:23-cv-00203-P-BJ

TARRANT COUNTY, ET AL.,

   Defendants.

## MEMORANDUM OPINION AND ORDER

The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR"), recommending the following: (1) the Individual Defendants' Motion to Dismiss be granted; and (2) Tarrant County's Motion to Dismiss be granted in part and denied in part. ECF No. 28. After reviewing the FCR *de novo*, the Court **GRANTS** the Individual Defendants' Motion to Dismiss, **GRANTS in part** and **DENIES in part** Tarant County's Motion to Dismiss, **ADOPTS in part** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Plaintiff's Objections (ECF No. 29).

## BACKGROUND

Charles W. Bramlett II filed this lawsuit on February 27, 2023, alleging that his supervisors fostered a hostile work environment caused by racial discrimination, retaliated against him based on his race, and brought a claim for emotional and mental distress. Bramlett claims that while he was an employee of Tarant County, as a white male, he was selected by his supervisors to engage in a scheme to harass and create a work environment that was not conducive to minorities. Bramlett lists a handful of incidents that he believes support his claims and illustrate the rampant discrimination that took place during his employment.

In September 2020, Bramlett filed a complaint with Tarant County Human Resources in which he stated he believed his advancement in his job was based on racially motivated actions of his supervisors.

Despite his complaint, Bramlett felt conditions did not change and he resigned from his position in October 2020, claiming he was constructively discharged. Bramlett made an EEOC charge that was deemed unsuccessful in December 2, 2022, which gave him the right to bring the present lawsuit.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

## ANALYSIS

### A. The Magistrate Judge's Recommendation

The Court accepts in part and modifies in part the reasoning in the Magistrate Judge's FCR, as explained below. The Court now reviews Tarant County's objections.

### B. Plaintiff's Objections

Tarant County is the only party that objects to any of the Magistrate Judge's findings. ECF No. 29. Tarant County makes three objections that the Court will address below.

1. <u>Objection One: The FCR should have but did not dismiss Bramlett's unlawful harassment claim for lack of standing.</u>

Tarant County's first objection is that Bramlett lacks standing to assert his unlawful harassment claim because the discriminatory acts he complains of were aimed at his African American coworkers rather than himself. *Id.* However, as the FCR explains, Bramlett does not purport to be suing on the behalf of his coworkers in his briefing, and the FCR analyzed solely claims that he had standing to bring. ECF No. 28 at 8. Therefore, the Court must analyze whether Bramlett has standing to bring unlawful harassment claims. He does not.

In order to bring a unlawful harassment claim under Title VII, Bramlett must: belong to a protected group; (2) be subjected to unwelcome harassment; (3) the harassment complained of was based on

2

race; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *See Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir. 2002). The main issue here is whether Bramlett can satisfy the fourth prong, that the harassment was based on his race.

The FCR explains that "Bramlett's claims rest on his assertion that he was '[s]ingled out because he is whi[t]e' to be a part of 'Defendants' schem[ e] to eradicate minorities from the workplace.'" ECF No. 28 at 9 (quoting ECF No. 26 at 1). However, it is improper for the Court to rely on a response to a Motion to Dismiss to assist the pleadings. *See Mun. Employees' Ret. Sys. of Michigan v. Pier 1 Imports, Inc.,* 935 F.3d 424, 436 (5th Cir. 2019) ("a plaintiff may not amend [their] complaint in [their] response to a motion to dismiss" (quoting *Lohr v. Gilman*, 248 F. Supp. 3d 796, 810 (N.D. Tex. 2017) (Linsday, J.))). A Court must limit itself to considering just the pleadings, not matters or theories raised in response to motions to dismiss when ruling on such motions. *See Lohr*, 248 F. Supp. 3d at 810.

Here, Bramlett does not sufficiently plead how any harassment he faced was based on his race. Bramlett's complaint alludes to many distasteful and concerning actions that took place during his employment; however, he does not tie any of them to the fact that he is white. ECF No. 21 at 3–8. Indeed, at no point anywhere in his Amended Complaint does Bramlett plead that anything that happens is because he is white. Instead, all of the alleged harassment promulgated towards him was because of his alleged inaction against others who are not white. *Id*. It is not until his response to Tarant County's Motion to Dismiss that he opens his briefing by saying he was "singled out because he is whi[t]e". ECF No. 26 at 1. As discussed, this cannot be used to bolster his pleadings to survive a Motion to Dismiss. *See Pier 1 Imports, Inc.*, 935 F.3d at 436.

Nonetheless, as explained in the FCR, there does appear to be an argument that Bramlett faced unwelcome harassment because he was white, however he does not make that argument in his pleadings. *Compare* ECF No. 21 at 3–8 *with* ECF No. 26.

3

For this reason, the Court **MODIFIES** the FCR and **ORDERS** that Bramlett amend his complaint in accordance with this Memorandum Opinion to fully encompass the facts as presented in his amended complaint and response to Tarant County's Motion to Dismiss.

2. <u>Objection Two: The FCR should have but did not dismiss Bramlett's unlawful harassment claim for failure to state a claim.</u>

Second, Tarant County objects that, if not dismissed for a lack of standing, Bramlett's Title VII unlawful harassment claim should have been dismissed under Rule 12(b)(6) for failure to state a claim for which relief should be granted. ECF No. 29 at 4.

Since this Court has ordered Bramlett to amend his complaint, this objection is moot and is **OVERRULED**. *See Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) (Godbey, J.) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot.")).

3. <u>Objection Three: The FCR should have but did not dismiss Bramlett's state law claims for retaliation.</u>

Lastly, Tarant County objects that the Magistrate Judge should have recommended dismissal of the state law claim for retaliation. ECF No. 29 at 7. However, upon reviewing the FCR, the Magistrate Judge noted that the same analysis is applied for each claim. ECF No. 28 at 6. Since the Magistrate Judge recommended dismissal of the Title VII retaliation claim, and the same analysis is used for the state-law retaliation claim, and that claim is similarly **DISMISSED with prejudice**.

## CONCLUSION

After reviewing the FCR *de novo* and addressing each of Tarant County's objections, the Court **ADOPTS** in part and **MODIFIES** in part the Magistrate Judge's FCR (ECF No. 28). Further, Tarant County's second objection is **OVERRULED** (ECF No. 29).

Accordingly, the Individual Defendants' Motion to Dismiss (ECF No. 25) is **GRANTED** and the claims against them **DISMISSED with**

4

**prejudice**. Tarant County's Motion to Dismiss (ECF No. 24) is **GRANTED in part** with respect to the retaliation claims and **DENIED in part** with respect to the discrimination claim.

Bramlett is further **ORDERED** to amend his complaint in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of Texas, and the undersigned's judge-specific requirements, as well as outlined in this Memorandum Opinion **by April 18, 2024**. Within 14 days after Plaintiff files his amended complaint, **but no later than May 1, 2024**, Defendants must file an answer or other response to the amended complaint.

**SO ORDERED** on this **4th day of April 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE