IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES W. BRAMLETT II, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL NO. 4:23-CV-203-P |
| | § | |
| TARRANT COUNTY, TEXAS, et al., | § | |
|     Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court is Defendant Tarrant County's Motion to Partially Dismiss Plaintiff's Second Amended Complaint [doc. 35]. For the reasons stated herein, the Court **RECOMMENDS** that Tarrant County's Motion be **GRANTED**.

### I. BACKGROUND

Plaintiff Charles W. Bramlett II ("Bramlett") filed this suit against Tarrant County and some individual defendants [doc. 1], on February 27, 2023. On April 4, 2024, the Court dismissed the individual defendants and Bramlett's retaliation claims against Tarrant County. (ECF No. 31). Additionally, in that Order, the Court ordered Bramlett to file an amended complaint asserting only his remaining discrimination claims against Tarrant County. (*Id.*) Bramlett filed his Second Amended Complaint on April 17, 2024. (ECF No. 34).

### II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Twombly*, 550 U.S. at 545. Rule

8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Tex. Health and Hum. Servs. Comm. v. U.S.*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations are internal quotation marks omitted).

### III.  ANALYSIS

In its motion, Tarrant County claims that Bramlett's claims for punitive damages and front and back pay should be dismissed. (Tarrant County's Motion to Dismiss ("Mot.") at 1). Specifically, Tarrant County argues that Bramlett cannot recover punitive damages against a governmental entity and he cannot recover front and back pay because he was not constructively discharged. (Mot. at 2). In response, Bramlett argues that the Court should not consider the motion because it is barred by Rule 12g. (Bramlett's Response ("Resp.") at 1–2). Additionally, Bramlett argues that, if the Court does consider the motion, he is entitled to front and back pay under his discrimination claims.[1] (*Id.*)

Beginning with whether the Court should consider the motion, the undersigned finds that Tarrant County's motion is not barred by Rule 12g. As relevant here, Rule 12g(2) provides: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12g(2). The Court is wholly unpersuaded by Bramlett's argument for two reasons. First, the metaphorical 12(b) motion slate was wiped clean when Bramlett was required to file an amended complaint. Thus, this is Tarrant County's first 12(b) motion in response to Bramlett's Second Amended Complaint and cannot be characterized as "another motion" under Rule 12(g). Second, even if Bramlett had not been required to file an amended complaint, Tarrant County's motion would not be barred by Rule 12(g).

Tarrant County could not have sought to dismiss Bramlett's claims for punitive damages and front and back pay prior to the Court's ruling on the previous motion to dismiss. Regarding

---

[1] Notably, Bramlett does not dispute Defendant's assertion that he cannot recover punitive damages because Defendant is a governmental entity.

3

the punitive damages, Bramlett could have potentially recovered them against the individual defendants that were dismissed in the Court's prior order. (*See* ECF No. 31). Because Tarrant County is now the only remaining Defendant, this is the first opportunity that it has had to seek the dismissal of the punitive damages claim. Thus, it was not "a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12g(2). Similarly, because Bramlett previously pled constructive discharge, Tarrant County could not have sought to dismiss Bramlett's front and back pay claims. However, because the Court's previous order found that Bramlett was not constructively discharged, that argument is now available to Defendant. Therefore, it was also not "a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12g(2). Because the Court finds that Tarrant County's motion is not barred by Rule 12(g), the Court will now consider the merits.

Tarrant County argues that Bramlett cannot recover punitive damages against it because it is a governmental entity. (Mot. at 2–3). Under both Texas and Fifth Circuit precedent, this is undeniably correct. *Jones v. Peaster Indep. Sch. Dist.*, No. 4:23-CV-00969-P, 2024 WL 1053302, at *4 (N.D. Tex. Mar. 11, 2024) (Pittman, J.) (citing *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 466 (5th Cir. 2001) (holding district court committed plain error by assessing punitive damages against a sheriff in his official capacity)); *see also* 42 U.S.C. § 1981a(b); *also Chaves v. McLeod Indep. Sch. Dist.*, No. 222CV00310JRGRSP, 2023 WL 2817221, at *2 (E.D. Tex. Mar. 20, 2023), *report and recommendation adopted*, No. 222CV00310JRGRSP, 2023 WL 2815150 (E.D. Tex. Apr. 6, 2023) (dismissing request for punitive damages against a governmental entity under the Texas Labor Code); *also* Tex. Lab. Code Ann. § 21.2585(b). Accordingly, the Court **RECOMMENDS** that Tarrant County's motion be **GRANTED** with regard to the punitive damages claim.

Turning now to Bramlett's claim for front and back pay, the Court similarly finds that Bramlett can no longer recover those damages against Tarrant County because Bramlett was not constructively discharged or fired. In his response, Bramlett cites two cases for the proposition that he can recover front and back pay under his remaining discrimination claims. (Resp. at 2 (citing *Pollard v. E. I. du Pont de Nemours Co.*, 532 U.S. 843 (2001); *City of Houston v. Levingston*, 221 S.W.3d 204 (Tex. App. 2006))). As pointed out by Tarrant County in its reply, both of these cases are distinguishable because the plaintiff was fired or constructively discharged in those cases. (Tarrant County's Reply at 3); *see Pollard*, 532 U.S. at 845 (holding that front pay is not an element of compensatory damages); *Levingston*, 221 S.W.3d (plaintiff was fired). In fact, Fifth Circuit precedent holds that front and back pay is not recoverable by a plaintiff who was not constructively discharged. *Jurgens v. EEOC*, 903 F.2d 386, 389 (5th Cir. 1990) (stating that "it is well settled in this circuit that, in order for an employee to recover back pay for lost wages beyond the date of his retirement or resignation, the evidence must establish that the employer constructively discharged the employee") (citing *Bourque v. Powell Elec. Mfg. Co.*, 617 F.2d 61, 65-66 (5th Cir. 1980)). Consequently, the Court **RECOMMENDS** that Tarrant County's motion be **GRANTED** with regard to the front and back pay claim.

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that Tarrant County's Motion [doc. 35] be **GRANTED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's

5

proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 13, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED May 30, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE